UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LAMAR SIMSON,

        Petitioner,               CASE NO. 09-CV-10882

v.                                    JUDGE PAUL D. BORMAN
                                       UNITED STATES DISTRICT JUDGE

NICK LUDWICK,

        Respondent.
_____/

### ORDER DENYING PETITIONER'S
### REQUEST TO FIND RESPONDENT IN CONTEMPT OF COURT

On March 9, 2009, Petitioner Lamar Simson filed a *pro se* "Petition for Writ of Habeas Corpus," pursuant to 28 U.S.C. § 2254. (Dkt. # 1.) Respondent filed an Answer to the Petition on September 16, 2009. (Dkt. # 4.) The necessary Rule 5 materials[1] were filed on September 24, 2009. (Dkt. # 6.) Pending before the Court is Petitioner's "Letter," requesting that the Court "[find] Respondent in contempt [of] court for [his] continuous refusal to fulfill [his] obligation to this

---

[1] Rule 5, of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254, states:

c) Contents: Transcripts.  * * *  The respondent must attach to the answer parts of the transcript that the respondent considers relevant.  * * *
(d) Contents: Briefs on Appeal and Opinions.  The respondent must also file with the answer a copy of:
    (1) any brief that the petitioner submitted in an appellate court contesting the conviction or sentence, or contesting an adverse judgment or order in a post-conviction proceeding;
    (2) any brief that the prosecution submitted in an appellate court relating to the conviction or sentence; and
    (3) the opinions and dispositive orders of the appellate court relating to the conviction or the sentence.

*See also Burns v. Lafler*, 328 F.Supp.2d 711, 717 (E.D. Mich. July 26, 2004) (habeas corpus rules require respondents to attach the relevant portions of the transcripts of the state court proceedings).

court's order," filed on November 12, 2009. (Dkt. # 8.) In his Letter, Petitioner contends that Respondent failed to file the following Rule 5 materials with the Court: (1) Michigan Court of Appeals Brief, (2) Supplemental Court of Appeals Brief, (3) Second Motion for Remand for *Ginther* Hearing, (4) Supplemental Appellant's Brief After *Ginther* Hearing, (5) Michigan Supreme Court Brief, (6) Brief in Support to Expand the Record, (7) Michigan Court of Appeals Order for Remand, (8) Application for Leave to Appeal to the Supreme Court, (9) Motion to Expand the Record to the Supreme Court, and, (10) Additional Supplemental Brief After *Ginther* Hearing.

Having carefully reviewed the Rule 5 materials that were filed, the Court finds that the listed documents were properly filed; they were filed as attachments along with the Michigan Court of Appeals and the Michigan Supreme Court briefing materials [ dkt. # # 8-10]. The Court therefore concludes that the necessary Rule 5 materials have been filed in order to resolve Petitioner's claims; Respondent has complied with the Court's Order.

Accordingly, Petitioner's request to find Respondent in contempt of Court is denied.

          S/Paul D. Borman
          PAUL D. BORMAN
          UNITED STATES DISTRICT JUDGE

Dated: December 14, 2009

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on December 14, 2009.

          S/Denise Goodine
          Case Manager